The Estate of MERCY TUILESU, PELEIUPU TUILESU,
Individually and as the Guardian of the Estates of
SOLO TUILESU, MATTHEW TUILESU,
MICHELLE TUILESU, MICHAEL SIONE, and TUI SIONE,
Minors, Plaintiffs

v.

LUAGIA ASIFOA, SOSENE ASIFOA, and
NATIONAL PACIFIC INSURANCE, Defendants

High Court of American Samoa
Trial Division

CA No. 71-90

November 21, 1991

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and
MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Robert A. Dennison III
 For Defendant, John L. Ward II

Defendants Sosene Asifoa and National Pacific Insurance, seek summary judgment on the ground that the only eye-witness account of the accident, secured by way of deposition, negates plaintiffs' claim of actionable negligence. Defendants therefore contend the absence of any genuine issue as to material fact. T.C.R.C.P. Rule 56.

In these matters, the non-moving party is to be given the benefit of all reasonable inferences to be drawn on the evidence. Lokan v. Lokan, 6 A.S.R.2d 11 (1989). In this light, we view Officer

Faataumalama Fereti's affidavit about blood on the roadway[1] as indicating something in the way of a triable issue of fact --- the position of the deceased child in relation to the bus as it moved away after discharging plaintiff Peleiupu Tuilesu. Plaintiffs' theory is failure on the part of the driver to keep a proper lookout for children; hence the deceased child's location at the critical time would seem to be a material issue.

The motion for summary judgment is, therefore, denied.

It is so ordered.

---

[1] We note parenthetically that this observation of the scene was about all that this officer competently deposed to "from personal knowledge," as required by T.C.R.C.P. Rule 56(e).